# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. POMBRIO, | 1:10-cv-00191-DLB (HC) |
|       Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |
|     v. | |
| KEN CLARK, | [Doc. 1] |
|       Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 1, 2010 in the United States District Court for the Eastern District of California, Sacramento Division. (Court Doc 1.)

On February 5, 2010, the petition was transferred to this Court. (Court Doc. 3.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

In reviewing Petitioner's petition it is not clear what, if any, claims were exhausted in the California Supreme Court. A petitioner who is in state custody and wishes to collaterally

1

challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

Because it is unclear what, if any, claims presented in the instant federal petition for writ of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show cause regarding exhaustion. If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall show cause as to what claims, if any, were presented to the state's highest court; and

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

2. Failure to comply with this order may result in the action be dismissed for failure to comply with a court order.  Local Rule 110.

IT IS SO ORDERED.

Dated:    **March 1, 2010**                            /s/ **Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE