# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. POMBRIO, | 1:10-cv-00191-DLB (HC) |
| Petitioner, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |
| v. | |
| KEN CLARK, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 1, 2010 in the United States District Court for the Eastern District of California, Sacramento Division.  (Court Doc 1.)  On February 5, 2010, the petition was transferred to this Court.  (Court Doc. 3.)

On March 1, 2010, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust the state court remedies.  (Court Doc. 6.)  On April 28, 2010, Petitioner filed a response to the order entitled "Motion in support of exhausted state remedies." (Court Doc. 9.)  Petitioner indicates that he has exhausted the state court remedies to the extent such remedies were available.  (Id.)  Accordingly, the Court will discharge the order to show cause.

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner

unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

     In this case, it appears that Petitioner is attempting to challenge a rules violation report he received for manipulation of staff and falsification of state documents. (Petition, at 1.) However, the Court cannot decipher the exact nature of Petitioner's claims. In Ground One, Petitioner alleges false imprisonment and unlawful imprisonment. In Ground Two, Petitioner alleges denial of right to appeal and administrative remedy. In Ground Three, Petitioner alleges denial of his due process rights at the CDC 115 hearing. Although it appears this claim may be cognizable, Petitioner does not set forth in a clear and concise manner the exact nature of his claim. In Ground Four, Petitioner alleges denial of earned credits and restoration. Again, as with Ground Three, the Court cannot ascertain the exact nature of this claim. In Ground Five, Petitioner contends that he has been denied access to the United States "Constitution Great Writ." (Petition, at 5-7.) Grounds One, Two and Five do not "call into question the lawfulness of conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Furthermore, Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, .

. . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

To the extent Petitioner is attempting to challenge a rules violation report as set forth in Grounds Three and Four of the petition, Petitioner is advised that prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

Accordingly, the Court HEREBY ORDERS:

1. The Order to Show Cause issued March 1, 2010, is DISCHARGED;
2. Petitioner is ORDERED TO AMEND his petition within thirty (30) days of the date of service of this order. Petitioner must allege a constitutional violation with respect to all claims raised in the petition and provide supporting factual circumstances. Petitioner must allege constitutional violations which are cognizable on federal habeas review. Petitioner is advised that the document should be entitled "Amended Petition for Writ of Habeas Corpus," and pursuant to Local Rule 220, the amended petition must be complete in itself without

reference to the prior or superseded pleading;

3. The Clerk of Court is DIRECTED to send Petitioner a section 2254 form petition for writ of habeas corpus; and

4. Petitioner is forewarned that failure to follow this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **May 6, 2010**                    /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

reference to the prior or superseded pleading;

3. The Clerk of Court is DIRECTED to send Petitioner a section 2254 form petition for writ of habeas corpus; and

4. Petitioner is forewarned that failure to follow this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **May 6, 2010**                    /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE