# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. POMBRIO,<br><br>      Petitioner,<br><br>  v.<br><br>KEN CLARK,<br><br>      Respondent.                      / | 1:10-cv-00191-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION<br><br>[Doc. 22] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

      Petitioner filed the instant petition for writ of habeas corpus on February 1, 2010, and an amended petition on June 1, 2010.

      On August 30, 2010, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim and failure to exhaust the state judicial remedies. Petitioner filed an opposition on September 24, 2010.

## DISCUSSION

A.    <u>Procedural Grounds for Motion to Dismiss</u>

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

1  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
2  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
3  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
4  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
5  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
6  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
7  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.
8  Supp. at 1194 & n. 12.

9       In this case, Respondent's motion to dismiss is based on a failure to state a cognizable
10 claim and failure to exhaust the state judicial remedies.  Therefore, the Court will review
11 Respondent's motion to dismiss pursuant to its authority under Rule 4.

12 B.     Failure to State Cognizable Federal Claim

13      Respondent argues that Petitioner fails to state a cognizable federal claim.  In the
14 amended petition filed on June 1, 2010, Petitioner states on the front page that he is challenging a
15 CDC 115 rules violation imposed November 6, 2009.  Petitioner was apparently assessed 90 days
16 of loss of credits.  Respondent acknowledges that Petitioner alleges "he was denied staff
17 assistant help to prepare for his disciplinary hearing, he was denied the right to testify, cross
18 examine, or present witnesses, and was assessed an overly lengthy sentence for an earlier, June
19 2009 disciplinary violation." (Motion, at 2, citing Am. Pet. at 5-6.)

20      Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be
21 diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell,
22 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution,
23 so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556.  Thus, a
24 prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.
25 Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472
26 U.S. 445, 454-455 (1984).

27

28      However, when a prison disciplinary proceeding may result in the loss of good time

credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. Hill, 472 U.S. at 455-456; see also Barnsworth v. Gunderson, 179 F.3d 771, 779 (9th Cir. 1990); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987). Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. Hill, 472 U.S. at 455; Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).

Thus, under clearly established federal law, a prisoner may seek relief under 28 U.S.C. § 2254 if the requirements under Wolff and Hill are not met. Although Petitioner may not have mentioned the holdings of Wolff and Hill, he did nonetheless plead factual circumstances to give to a cognizable claim under those rulings, such as the failure to testify and failure to present witnesses. Indeed, the Court's 28 U.S.C. § 2254 form petition specifically states to briefly provide a factual basis for the claim for relief (without citing cases or law). Amd. Pet. at 5. Moreover, the pleadings of pro se litigants are held to a less stringent standard than pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (instructing the federal courts to construe the inartful pleading of pro se actions liberally); Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015 (1941) (pro se petition for habeas corpus "ought not to be scrutinized with technical nicety.") Based on the allegations set forth in the amended petition, the Court finds that

Petitioner has adequately plead the existence of a cognizable federal claim, and Respondent's

motion to dismiss on this basis should be denied.

C.     Failure to Exhaust State Judicial Remedies

Respondent also argues that Petitioner has failed to exhaust the state judicial remedies for any alleged federal claims.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

   Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

   As previously stated, Petitioner's challenges a disciplinary action that took place in November 2009, and the most recent petition filed in the California Supreme Court was on June 19, 2009-prior to the occurrence of the challenged action. Accordingly, Petitioner could not have exhausted the state court remedies with respect to his challenge and the instant petition for writ of habeas corpus must be dismissed without prejudice.

<u>RECOMMENDATION</u>

   Based on the foregoing, it is HEREBY RECOMMENDED that:

   1. Respondent's motion to dismiss the petition for failure to state a cognizable claim be DENIED and GRANTED for failure to exhaust the state judicial remedies; and

   2. The Clerk of Court be directed to dismiss the instant petition for writ of habeas corpus be DENIED.

   This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated: **October 20, 2010**      **/s/ Dennis L. Beck**
                       UNITED STATES MAGISTRATE JUDGE